David Lee FALLIN, Plaintiff—
Appellant,

v.

UNITED STATES of America; Michael B. Mukasey,* Attorney General; Tom Ridge, Secretary of Homeland Security of the United States; William McNamee, District Director Portland U.S. Citizenship & Immigration Services, Defendants—Appellees.

No. 05–35857.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2007.

Filed Nov. 20, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

---

Jennifer Rotman, Immigrant Law Group, LLP, Portland, OR, for Plaintiff–Appellant.

Kenneth C. Bauman, Esq., Office of the U.S. Attorney Mark O. Hatfield, Portland, OR, for Defendants–Appellees.

Before: LEAVY, FISHER and BERZON, Circuit Judges.

## ORDER

David Fallin appeals the decision of the district court, which declared the Bureau of Citizenship and Immigration Service's ("CIS") October 2003 denial of his I–130 petition to be arbitrary and capricious under the Administrative Procedure Act, 5 U.S.C. § 701, and remanded the case to the agency to make new findings.

An order remanding a case to an administrative agency is not an appealable final decision unless "(1) the district court order conclusively resolves a separable legal issue, (2) the remand order forces the agency to apply a potentially erroneous legal rule which may result in a wasted proceeding, and (3) review would, as a practical matter, be foreclosed if an immediate appeal were unavailable." *Alsea Valley Alliance v. Dep't of Commerce*, 358 F.3d 1181, 1184 (9th Cir.2004) (internal quotation marks omitted). Even assuming Fallin could satisfy the first two of *Alsea*'s criteria for construing the district court's remand order as final, he has not met the third criterion. If he believes CIS's action on remand to be unlawful, he "can bring suit at that point to challenge [its] action." *Id.* at 1185.

We dismiss this appeal for want of jurisdiction to review a non-final order, without prejudice to Fallin seeking relief before the district court if he is aggrieved by CIS's actions on remand. (The parties have now belatedly informed us on the eve of argument that CIS on remand ruled adversely to Fallin on January 8, 2007.) Further, with respect to Fallin's concerns about the preclusive effects of the issues the district court did not resolve in his favor in its consideration of CIS's October 2003 decision—whether CIS's actions were arbitrary and capricious in making its adverse credibility finding or in applying an erroneous legal standard to assess the bona fides of his marriage—"in the absence of a final judgment on the merits, res judicata does not arise." *Audette v. Int'l Longshoremen's & Warehousemen's Union*, 195 F.3d 1107, 1111 n. 1 (9th Cir. 1999).

We deny all other pending motions as moot, including Fallin's motion to submit the case to mediation, CIS's motion to enlarge the record with CIS's determination of Mrs. Fallin's I–485 petition and Fallin's motion to take judicial notice of the same.

**DISMISSED. A certified copy of this order to the district court shall constitute the mandate of this court.**